PER CURIAM:
Claimant brought this action for vehicle damage from a wreck which occurred on Route 52/3 (Johnstown Road), Harveytown, as a result of negligent maintenance of a storm drain and ditch from Interstate 64. Route 52/3 (Johnstown Road), Harveytown, is a road maintained by respondent in Cabell County. The Court is of the opinion to make an award for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 25,1998, at about 7:30 a.m. On the morning in question, claimant was traveling to work. The temperature was cold. Claimant was traveling at about twenty-five miles per hour. Claimant frequently traveled Route 52/3 (Johnstown Road) about five times per week for the past two to three years. But, claimant had not been on that road for a few days preceding the accident.
Route 52/3 (Johnstown Road) is a two lane road about sixteen to eighteen feet wide. At the location in question, the road is curved and slants downhill. About one-tenth of a mile away from the accident site, there is a storm drain from Interstate 64. According to claimant, there has been a drainage problem, from the storm drain of Interstate 64, and drivers must drive on the other side of the road at this particular location in order to avoid ice and snow in the road. However, on this particular day, claimant was trying to stay out of the ice and snow on his side of the road, but oncoming traffic forced him onto his side of the road. Subsequently, claimant’s vehicle encountered sand and gravel that was on top of ice, which forced him to lose control of his vehicle and collide with a private landowner’s fence and wall.
The resulting damage to claimant’s 1979 Plymouth Volare Duster was estimated at $1,191.26. Claimant’s vehicle sustained damage to the front and inner fender, a headlight rim, the comer of the grill, the bumper as well as a bent frame. No repair work has been done to the vehicle as of the April 14,1999 hearing, but claimant did introduce into evidence an estimate for repair of $1,180.84. Because cost ofrepair would exceed the value of claimant’s vehicle, the vehicle was deemed “totaled.” Eventually, the vehicle was sold for salvage and the claimant received the sum of $ 100.00. Claimant did not have insurance coverage that would cover this accident. In addition, Claimant personally fixed the private landowner’s fence for a cost of $10:42.
The p osition o f r espondent w as t hat it w as n ever in r eceipt o f a ctual o r constructive notice of the condition of Route 52/3 (Johnstown Road) an the site of claimant’s accident. There had been no calls or letters describing any drainage problems at the site of claimant’s accident. Respondent’s position was that any drainage problem was from private landowners’ yards and driveways that encroach onto the State’s right- *19 of-way and there is not enough distance to put in a culvert. Consequently, the State’s options are limited. However, photographic evidence introduced at the April 14,1999, hearing demonstrated that there was debris in the storm drain ditch which forced water onto the road. Likewise, the photographic evidence also demonstrated that there was a crack in the storm drain that allowed water to bypass the storm drain and exacerbate the drainage problem. Respondent was unaware of any inspections of the storm drain site in question. There had been construction work on a bridge in the vicinity of the storm drain in question by respondent. Respondent acknowledged that from the photographic evidence there was ice and debris on Route 52/3 (Johnstown Road) on the date and time in question.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 13 0 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
In the present case, the evidence established that the respondent was put on notice about the drainage problem, that respondent knew or should have known that the drainage problem at the location in question was a hazard, and that the respondent did not take reasonable steps to ensure the safety of those on such a road. Consequently, there is sufficient evidence of negligence to base an award.
Notwithstanding this finding of negligence, the Court is still faced with the issue of the value of claimant’s vehicle. At the April 14, 1999, hearing, there was no testimony regarding the value of claimant’s vehicle in order to substantiate the claimed values. Accordingly, the Court finds the value of claimant’s vehicle to be $1,000.00 Therefore, in view of the foregoing, the Court hereby makes the following award.
Award of $1,000.00